UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SALLIE MAE, INC., et al.** | **CIVIL ACTION** |
| **versus** | **No. 05-1416** |
| **JAMES A. HARRY, INC.** | **SECTION I/4** |

## ORDER AND REASONS

Before the Court is defendant's motion to dismiss for failure to state a claim pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. For the following reasons, defendant's motion is **DENIED**.

### *BACKGROUND*

In order to finance his legal education, defendant, James Harry, received several student loans through the Law Access Loan Program.[1] The loans were all held by plaintiff Sallie Mae, Inc. ("Sallie Mae"), and two were guaranteed by plaintiff United Student Aid Funds, Inc. ("USAF"), an independent contractor. Defendant executed these loans between September,

---

[1] Rec. Doc. No. 3, p. 3 ¶ VI.

1

1992, and August, 1996.[2]  Late in his repayments, defendant arranged for another lender, College Loan Corporation ("CLC"), to pay off the entirety of his debt held by Sallie Mae.[3]  In June, 2003, CLC informed defendant that it would pay the full amount due Sallie Mae within eight to ten weeks.[4]  In a conversation with a Sallie Mae representative calling to inquire about defendant's late payments, defendant explained the arrangement with CLC and asked if this consolidation would be sufficient to satisfy his obligations to Sallie Mae; the Sallie Mae representative allegedly informed defendant that this would suffice.[5]

When contacted by CLC, Sallie Mae refused to agree to the arrangement.  Defendant protested, accusing Sallie Mae of breaching its fiduciary duty and breaching the oral contract he alleged the company had entered into as a result of his conversation with the Sallie Mae representative.[6]  In his letter to Sallie Mae on October 30, 2003, defendant offered a "compromise agreement."[7]

Defendant's compromise agreement set forth a number of terms and asked that Sallie Mae pay off his loans in their entirety.  The agreement included a request that Sallie Mae indemnify defendant, a choice of law provision, an arbitration clause, and a forum selection clause, *inter alia*.  As consideration for the acceptance of these terms, defendant offered two

---

[2]Rec. Doc. No. 3, p. 3 ¶ VII.

[3]Rec. Doc. No. 3, Pl.'s Ex. B, p. 1.

[4]Rec. Doc. No. 3, Pl.'s Ex. B, p. 1.

[5]Rec. Doc. No. 3, Pl.'s Ex. B, p. 1.

[6]Rec. Doc. No. 3, Pl.'s Ex. B, p. 2.

[7]Rec. Doc. No. 3, Pl.'s Ex. B.

checks for $100 and his promise to waive any rights he had against Sallie Mae.  Defendant indicated that Sallie Mae could accept the terms of the agreement by signing his letter or by cashing either of his checks.  Sallie Mae did cash defendant's checks and applied the amount to the balance of his loans;[8] however, the company continued to seek full repayment of the loans.

Defendant contacted the Department of Education's Office of Ombudsman regarding Sallie Mae's denial of his consolidation through CLC.  On February 20, 2004, the Office of Ombudsman responded.[9]  Its letter cited the "Single Lender Rule" and stated that Sallie Mae's actions were in compliance with federal regulations.[10]  The letter explained that the oral contract that defendant claimed had resulted from his telephone conversation with a Sallie Mae representative was not binding because these representatives were not authorized to enter into contracts.  Finally, the Office of Ombudsman wrote that, because the Higher Education Act of 1965 governed his repayment, defendant's compromise agreement was void.

Defendant, however, continued to proceed under the terms of the compromise agreement and initiated arbitration, unilaterally choosing  attorney Raymond S. Steib, Jr. ("Steib") as arbitrator.  Against the written objections of Sallie Mae, Steib conducted an arbitration hearing with only defendant present and issued a judgment in favor of defendant.[11]  Sallie Mae continued to make written objections to the validity of the arbitration decision, which the arbitrator construed as a request for reconsideration.  According to defendant, Steib's decision on

---

[8]Rec. Doc. No. 3, p. 4 ¶ X.

[9]Rec. Doc. No. 3, Pl.'s Ex. D.

[10]The "Single Lender Rule" prohibits a borrower from consolidating student loans unless the borrower's loans are held by multiple lenders.  34 C.F.R. 682.201(c)(iv).

[11]Rec. Doc. No. 3, Pl.'s Ex. G.

reconsideration rejected Sallie Mae's arguments and reaffirmed his prior arbitration award.

Sallie Mae and USAF filed their original complaint against defendant on April 16, 2005; their amended complaint followed on April 25, 2005. Plaintiffs seek a declaratory judgment finding the compromise agreement and arbitration decision void; they also seek a judgment for the full amount of defendant's outstanding student loans. Defendant filed the instant motion to dismiss on June 20, 2005.[12] Plaintiffs oppose his motion.[13]

### *LAW AND ANALYSIS*

*I. Standard of Law: Motion to Dismiss for Failure to State a Claim*

A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80, 84 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts in the complaint as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey,* 197 F.3d at 774; *Lowry v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Motions to dismiss for failure to state a claim are generally disfavored and granted only in rare circumstances. *Mahone*

---

[12]Rec. Doc. No. 10.

[13]Rec. Doc. No. 20.

*v. Addicks Utility Dist.*, 836 F.2d 921, 926 (5th Cir. 1988) (citing *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir.1986); *Rios v. Dillman*, 499 F.2d 329, 330 (5th Cir.1974)).

"However, 'in order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . .'" *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)). "'[C]onclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss." *Id.* (quoting *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (internal quotation and citation omitted).

II. *Arguments*

   A. *Jurisdiction*

Defendant's motion contests this Court's subject matter jurisdiction in the case, arguing that plaintiffs have not plead an amount in controversy sufficient to invoke the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.[14]  Plaintiffs' complaint seeks a declaratory judgment that the compromise agreement and the arbitration award are not valid.[15]

The arbitration hearing purported to find that, by accepting the compromise agreement,

---

[14] Rec. Doc. No. 10, pp. 13-14.

[15] Rec. Doc. No. 3, p. 8 ¶ XXI.

Sallie Mae had agreed to pay and owed to defendant $136,826.33 plus interest.[16] In addition, plaintiffs' amended complaint states that defendant's total outstanding debt to USA Funds is in excess of $98,000, and their breach of contract claim seeks recovery of this amount.[17] Because the Court accepts all facts pleaded in the complaint as true for the purposes of this motion, the Court finds that plaintiffs have properly asserted jurisdiction pursuant to 28 U.S.C. § 1332.[18]

   *B. The Compromise Agreement*

Defendant makes a number of arguments that rely on provisions of the compromise agreement. He argues that no basis exists to challenge the arbitration award,[19] that the forum selection clause allegedly agreed to in the compromise agreement is enforceable,[20] that the arbitration award should upheld because of res judicata,[21] and that Sallie Mae is bound to indemnity defendant and, therefore, must be joined as a defendant under Rule 19 of the Federal Rules of Civil Procedure[22]. Defendant, however, has prematurely assumed the validity of the compromise agreement. In their response, plaintiffs contend that they never consented to the

---

[16]Rec. Doc. No. 3, p. 6 ¶ XVI; Pl.'s Ex. G, p. 2.

[17]Rec. Doc. No. 3, p. 9.

[18]Because subject matter jurisdiction is proper pursuant to §1332, the Court finds no need to address defendant's arguments that plaintiffs' claims with respect to the Higher Education Act of 1965 are insufficient to confer federal question jurisdiction. (Rec. Doc. No. 10, pp. 10-11).

[19]Rec. Doc. No. 10, pp. 8-9.

[20]Rec. Doc. No. 10, pp. 9-10.

[21]Rec. Doc. No. 10, pp. 12-13.

[22]Rec. Doc. No. 10, p. 15.

compromise agreement.  Further, plaintiffs allege that defendant's tender of two $100 checks was not a proper "accord and satisfaction" within the requirements of §3-311 of the Uniform Commercial Code ("U.C.C.").  Plaintiffs argue that, because there was no accord and satisfaction, defendant's compromise agreement is not binding.[23]

"[A]n accord and satisfaction is a contract terminating a dispute between parties over obligations claimed due under a previous contract."  *United States v. Bloom*, 112 F.3d 200, 206 (5th Cir. 1997), *citing Fischbach & Moore, Inc. v. Cajun Elec. Power Coop.*, 799 F.2d 194, 197 (5th Cir. 1986).  Section 3-311 of the U.C.C. requires that, to show that a claim has been discharged, a party must prove that:  "(i) [the] person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument."  UCC § 3-311(a); *La. Rev. Stat. 10:3-311*.  For a valid accord and satisfaction to exist, the *Fischbach* court interpreted Louisiana law as requiring a disputed claim, the debtor's tendering of a sum less than that claimed by the creditor, and acceptance of the tender by the creditor.  799 F.2d at 198.  In addition, mutual consent is also required; it is "an absolute requisite to the formation of a contract of accord and satisfaction."  *Bloom*, 112 F.3d at 206 (quoting *Fischbach*).  The burden of proving these elements falls to the party seeking to enforce the accord and satisfaction.  U.C.C. § 3-311 cmt. 4; La. Rev. Stat. § 10:3-311 cmt. 4.

Defendant's motion does not show beyond doubt that the amount of the claim was in

---

[23]Defendant notes that, in the arbitrator's decision on reconsideration, the arbitrator determined that the compromise agreement was not an accord and satisfaction, but an offer to compromise a legal claim.  (Rec. Doc. No. 10, p. 5).  Defendant, however, does not raise this argument in his motion.

dispute,[24] that he mailed his compromise agreement and checks to a properly designated person or office as required by U.C.C. § 3-311(c), or that there was mutual consent to the accord. Without such proof, the Court finds that questions remain as to the validity of the alleged accord and, therefore, the compromise agreement that comprises the accord. As a result, the Court finds that defendant's arguments do not present sufficient allegations to support dismissal at this time.

*C. Failure to Join Pursuant to Rule 19*

Finally, defendant argues that Sallie Mae should be joined as a party defendant pursuant to Rule 19 of the Federal Rules of Civil Procedure or, if Sallie Mae cannot be joined, that USAF's claims be dismissed.[25] Defendant argues that if it is later found that he did not default on his loans, then the payment that USAF made to Sallie Mae as guarantor of defendant's loans would be in error; defendant reasons that USAF would then have a claim against Sallie Mae for the funds it erroneously paid on defendant's behalf. Defendant worries that if he were found

---

[24]Defendant does not appear to dispute the amount of his student loans; instead, he disputes the failure of plaintiffs to pay off his loans to the lenders he had secured.

[25]Rec. Doc. No. 10, pp. 14-15. Rule 19(a) of the Federal Rules of Civil Procedure provides, in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

liable to USAF, he would not be able to force USAF to recoup its payment from Sallie Mae because no claim is being made in the instant litigation.

Plaintiffs claim that, because of the contract between Sallie Mae and USAF, USAF's rights are now subrogated to those of Sallie Mae, leaving USAF with claims only against defendant.[26]  Because of this assurance, the Court does not find it necessary to force the joinder of Sallie Mae as a party defendant at this time.[27]

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss is **DENIED**.

New Orleans, Louisiana, January __30th__, 2006.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[26] Rec. Doc. No. 20, p. 11.

[27] Should defendant later provide evidence that such assurance is without foundation, this Court can then reevaluate such claim.